UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR COLEMAN,

    Plaintiff,                                    Civil Action No. 2:12-cv-14108
                                                 Honorable Lawrence P. Zatkoff

v.

PEOPLE OF THE STATE
OF MICHIGAN,

    Defendant.
_____/

## OPINION AND ORDER DENYING
## PLAINTIFF'S APPLICATION TO PROCEED WITHOUT
## PREPAYMENT OF FEES, DISMISSING THE CIVIL RIGHTS
## COMPLAINT, AND DENYING MOTION TO APPOINT COUNSEL AS MOOT

### I. INTRODUCTION

Plaintiff Lamar Coleman is a state prisoner incarcerated by the Michigan Department of Corrections, currently housed at the Saginaw Correctional Facility in Freeland, Michigan, where he is serving a sentence of twelve to forty years for an armed-robbery conviction. Pursuant to the Michigan Department of Corrections's website, Plaintiff pleaded guilty in the Circuit Court in Oakland County, Michigan. He was sentenced on October 20, 1988. Plaintiff filed the pending "Complaint for Unconstitutional Confinement" on September 17, 2012, signed and dated September 14, 2012, in which he is seeking monetary damages for his "enhanced sentence." Pl.'s Compl. 7, ECF No. 1. The Court construes Plaintiff's Complaint as a civil rights action under 42 U.S.C. § 1983. Plaintiff names the People of the State of Michigan as Defendants. Along with his Complaint, he also filed an Application to

Proceed Without Prepayment of Fees" [ECF No. 2] or otherwise to proceed *in forma pauperis*, *see* 28 U.S.C. § 1915(a)(1), and a "Motion to Appoint Counsel" [ECF No. 3].

A search of the federal court's records reveals that Plaintiff has filed prior lawsuits which have been dismissed for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Coleman v. Fiszer*, No. 2:95-cv-323 (W.D. Mich. Jan. 10, 1996); *Coleman v. Semanski*, No. 2:95-cv-255 (W.D. Mich. Jan. 10, 1996); *Coleman v. DeVries*, No. 2:95-cv-264 (W.D. Mich. Nov. 21, 1995); *Coleman v. Mich. Dep't of Corr.*, No. 2:95-cv-268 (W.D. Mich. Nov. 16, 1995); *Coleman v. McGinnis*, No. 2:95-cv-231 (W.D. Mich. Oct. 31, 1995); *Coleman v. Hawley*, No. 2:94-cv-296 (W.D. Mich. Dec. 16, 1994); *Coleman v. Palus*, No. 1:94-cv-201 (W.D. Mich. July 18, 1994); *Coleman v. McGinnis*, No. 1:94-cv-95 (W.D. Mich. Mar. 16, 1994); *Coleman v. Mako*, No. 2:93-cv-269 (W.D. Mich. Feb. 11, 1994). Moreover, Plaintiff previously has been denied *in forma pauperis* status because he filed prior lawsuits and was therefore a "three-striker" under 28 U.S.C. § 1915(g). *Coleman v. Bergh*, No. 2:07-cv-121, 2007 WL 3003169 (W.D. Mich. Oct. 11, 2007).

Having reviewed the matter, this Court also concludes that Plaintiff is not eligible to proceed *in forma pauperis* and dismisses his Complaint under 28 U.S.C. § 1915(g).

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the United States Court of Appeals for the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing

numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). In *Hampton*, the Sixth Circuit found the PLRA's fee requirements constitutional. *Id.* at 1288.

The PLRA further reinforces its "stop and think" aspect by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in section 1915(g), is express and unequivocal; although the statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury" to proceed *in forma pauperis*. The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is ex post facto legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999).

In short, the "three strikes" provision allows the Court to dismiss a prisoner's civil rights case where the prisoner seeks to proceed *in forma pauperis* if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g); *Rawls v. First Name Unknown (FNU) Kelly*, No. 09-CV-12388, 2009 WL 2058583 (E.D. Mich. July 13, 2009) (Borman, J.); *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is not new to the court system. As noted, the court's records reveal that he has filed at least nine prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Consequently, the Court concludes that he is a "three striker" who cannot proceed *in forma pauperis* for this civil action unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To fall within that statutory exception to the three-strikes rule, a prisoner must allege that the threat or prison condition is "real and proximate" and that the danger of serious physical injury exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).

The Court finds that none of the allegations stated in Plaintiff's Complaint poses an

imminent danger of serious physical injury. In fact, Plaintiff does not appear to allege that he is in any imminent danger of serious physical injury. The Court therefore concludes that Plaintiff has failed to show that he falls within the exception to the three-strikes rule, and his Complaint is subject to dismissal under section 1915(g). Given this decision, Plaintiff's Motion to Appoint Counsel is denied as moot.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's "Application to Proceed Without Prepayment of Fees" [ECF No. 2] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Complaint" [ECF No. 1] is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that Plaintiff's "Motion to Appoint Counsel" [ECF No. 3] is DENIED as moot.

IT IS FURTHER ORDERED that any appeal taken by Plaintiff would not be done in good faith. See 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

SO ORDERED.

                                                            S/Lawrence P. Zatkoff  
                                                            LAWRENCE P. ZATKOFF  
                                                            UNITED STATES DISTRICT JUDGE

DATED: October 11, 2012