UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR COLEMAN,

    Plaintiff,                                 Civil Action No. 2:12-cv-14108
                                               Honorable Lawrence P. Zatkoff

v.

PEOPLE OF THE STATE
OF MICHIGAN,

    Defendant.
_____/

## OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

On October 11, 2012, the Court dismissed Plaintiff's Complaint, which the Court construed as a civil rights action under 42 U.S.C. § 1983. The basis for the Court's dismissal was the "three strikes" provision under 28 U.S.C. § 1915(g), which allows the Court to dismiss a prisoner's civil rights case where the prisoner seeks to proceed *in forma pauperis* if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g); *Rawls v. First Name Unknown (FNU) Kelly*, No. 09-CV-12388, 2009 WL 2058583 (E.D. Mich. July 13, 2009) (Borman, J.); *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

As the Court noted in the October 11, 2012, Opinion and Order:

> Plaintiff is not new to the court system. As noted, the court's records reveal that he has filed at least nine prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. Consequently, the Court concludes that he is a "three striker" who cannot proceed *in forma pauperis* for this civil action unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Likewise, the Court found that Plaintiff did not fall within that statutory exception to the three-strikes rule. Therefore, the Court denied Plaintiff's "Application to Proceed Without Prepayment of Fees," dismissed Plaintiff's "Complaint" without prejudice, and denied Plaintiff's "Motion to Appoint Counsel."

Plaintiff has now filed an "Appeal Requesting Reconsideration of Order Dated October 11, 2012" (Docket No. 7). As the "Appeal" seeks reconsideration of this Court's opinion and was filed in this Court, the Court construes Plaintiff's filing as a motion for reconsideration. In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). See also *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. MICH. LR 7.1(h)(3).

2

Plaintiff has set forth no palpable defect in his present filing. His contention that the State of Michigan is engaged "in the commission of slavery" and that he "is being illegally held in slavery" do not demonstrate otherwise. Accordingly, the Court hereby DENIES Plaintiff's "Appeal Requesting Reconsideration of Order Dated October 11, 2012" (Docket No. 7).

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: November 2, 2012